IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Daniel William Spade, | ) | C/A No.: 1:24-866-TMC-SVH |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| Warden Kenneth Sharp, | ) | RECOMMENDATION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

Daniel William Spade ("Petitioner"), proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition.

I.  Procedural and Factual Background

On February 20, 2024, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1]. Petitioner states he was convicted of criminal sexual conduct with a minor on February 26, 2014. *Id.* The conviction was affirmed on appeal. Petitioner states he filed a post-conviction relief ("PCR") proceeding, in which the court vacated the conviction and granted a new trial based on due process violations by the State and prosecutorial misconduct. *Id.* at 5. Petitioner alleges the State appealed the

PCR court's ruling, and the matter remains pending before the South Carolina Court of Appeals ("Court of Appeals"). *Id.* Petitioner alleges the PCR process has taken seven years thus far. He seeks immediate release on a personal recognizance bond or a fair bond hearing. *Id.* He alleges he filed a motion to appeal his bond and a motion for a speedy appeal and that both motions were denied without any findings of fact. *Id.* at 6.

On February 29, 2024, the undersigned issued an order directing Petitioner to address the filing fee. The undersigned also directed Petitioner to complete a petition for relief pursuant to 28 U.S.C. § 2241, particularly because he was arguing he was entitled to a bond.[1] On March 5, 2024, the court received payment of the filing fee. On March 6, 2024, the undersigned issued a Report and Recommendation addressing the original petition. On March 11, 2024, Petitioner filed the completed form § 2241 petition.[2] On March 12, 2024, the Honorable Timothy M. Cain, United States District Judge, issued the following text order:

> On March 6, 2024, the magistrate judge issued a Report and Recommendation (ECF No. 10) concluding that application of the *Younger* abstention doctrine is appropriate in this case and

---

[1] Because Petitioner stated his criminal conviction had been vacated [ECF No. 1 at 3], it appeared he would be considered a pretrial detainee.

[2] In the cover letter with his § 2241 petition, Petitioner expresses confusion about being directed to file a § 2254 and makes clear he filed a § 2254 petition because he is a "*state* inmate." [ECF No. 12-1 (emphasis in original)]. Given Petitioner's assertion that he is a state prisoner, the undersigned agrees that Petitioner may correctly proceed pursuant to § 2254.

> recommending the court dismiss this action without leave for amendment. (ECF No. 10). On March 11, 2024, however, the court received an amended petition from Petitioner. (ECF No. 12). In light of the lag time for the mailing of the amended petition, it is likely Petitioner sent this amended petition prior to his receipt of the Report. Accordingly, the court recommits this matter to the magistrate judge for consideration of whether the same conclusions and recommendations apply to the amended petition.

[ECF No. 13]. Accordingly, the undersigned vacates the original Report and Recommendation [ECF No. 10] and issues this Report addressing all filings to date.[3] Regardless of how characterized, the petition is subject to summary dismissal. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela ..., the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

II.   Discussion

   A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[4] the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110

---

[3] In construing a pro se party's filing liberally, the court construes both the original petition and the amended petition as one.
[4] The Rules Governing Section 2254 are also applicable to habeas actions brought under § 2241. *See* Rule 1(b).

Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which a pro se party could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Proceeding Pursuant to § 2241

Pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).

Where a prisoner is incarcerated on a state conviction, a petition pursuant to 28 U.S.C. § 2254 is typically brought as a post-conviction challenge to the validity of the state conviction or sentence. *In re Wright*, 826 F.3d 774, 778 (4th Cir. 2016) (explaining that § 2254 "mandates that district courts entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court").

The original petition indicated Petitioner's conviction had been vacated. [ECF No. 1]. Plaintiff's asserts he properly brought this matter as a § 2254 petition because he is in state custody [ECF No. 12-1]. Although Petitioner has been granted a new trial, the relief in the order was automatically stayed upon the filing of the Notice of Appeal. *See* SCACR 241. Therefore, Plaintiff is correct that he remains in state custody, because the PCR court's order does not take effect until the appeal process concludes.

Despite being held in state custody, Petitioner is not challenging his state conviction and judgment. Instead, he is challenging the South Carolina Supreme Court's denial of an appeal bond, which appears more properly brought pursuant to § 2241.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted courts of

equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Petitioner alleges he is detained pending an appeal of the court's decision ordering a new trial of his criminal case. The second part of the test is also met because the Supreme Court has noted "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Fourth Circuit has addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)); *See also McLendon v. Acting Director, Prince George's County Detention*

*Center*, 2020 WL 5593014, *2, No. SAG-20-2631 (D. Md. September 18, 2020) (finding that *Younger* applied and there were no special circumstances after the petitioner had been granted a new trial). Petitioner can pursue—and has pursued—his request for bond in state court, and the South Carolina Supreme Court denied the request after full briefing. *See* ECF No. 1-3 at 220; May 17, 2022 Order of Supreme Court denying petition for appeal bond.[5] Accordingly, the undersigned recommends the petition be summarily dismissed because *Younger* counsels abstention.

2. Petition Pursuant to § 2254

Out of an abundance of caution, the undersigned also analyzes this matter pursuant to § 2254. Petitioner has provided no reason that *Younger* should not apply if his petition is construed as brought pursuant to § 2254, particularly in these circumstances.[6] Therefore, the undersigned recommends summary dismissal based on the same *Younger* analysis as above.

The court is mindful that Petitioner notes the case of *Norris v. Williams*, No. 8:21-3353-MGL-JDA, 2023 WL 5509355 (August 25, 2023).

---

[5] The order may be found https://ctrack.sccourts.org/public/caseView.do?csIID=76229 (last visited March 15, 2024). A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record").

[6] The court advised Petitioner that the petition was likely subject to summary dismissal in its February 29, 2024 order.[ECF No. 6].

[ECF No. 12-1]. The court respectfully declines to recommend this court follow the analysis of the *Norris* opinion, as the opinion focused on whether Norris's failure to exhaust his state court remedies was excusable because of the delay in state court PCR proceedings.[7] Because Petitioner is seeking to challenge the denial of an appeal bond and not the underlying PCR appeal, Petitioner essentially seeks to use this court as a super-appellate court on the issue of bond. The undersigned finds that this is an improper use of habeas procedure and is precisely the reason that *Younger* abstention was created.

III. Conclusion and Recommendation

Petitioner has failed to allege sufficient facts to meet the *Younger* test. Accordingly, the undersigned recommends the district court dismiss this action without leave for amendment. If the district judge accepts this recommendation, Petitioner's motion for bail [ECF No. 2] will be rendered moot.

---

[7] Notably, the *Norris* case began on October 14, 2021, and a ruling was entered on August 25, 2023, staying the case while the appellate court moved forward. *See Norris v. Williams*, C/A No. 8:21-3353-MGL-JDA at ECF Nos. 1 and 65. According to Respondent, the Court of Appeals issued a ruling on December 20, 2023, reversing and remanding the PCR judge's grant of relief to Norris. *Id.* at ECF No. 74. Therefore, although the court in *Norris* employed different reasoning from this recommendation, Norris was not awarded an appeal bond from this court.

    IT IS SO RECOMMENDED.

March 18, 2024                                      Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).