IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Daniel William Spade, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 1:24-cv-0866-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Warden Kenneth Sharp, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On February 20, 2024, Petitioner, a state prisoner proceeding *pro se*, originally filed a petition seeking habeas relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c)(D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Subsequently, pursuant to the magistrate judge's directive, Petitioner filed a form § 2241 petition asserting the same claim. (ECF No. 12). Now before the court is the magistrate judge's Report and Recommendation ("Report"), concluding that abstention under *Younger v. Harris*, 401 U.S. 37 (1971), is appropriate and recommending dismissal of Petitioner's action without leave to amend. (ECF No. 15 at 8). Petitioner has now filed objections to the Report. (ECF No. 18). The matter is ripe for review, and, having carefully reviewed the materials before it, the Court concludes a hearing is unnecessary to decide the matters before it.

I. Background

According to Petitioner, he was convicted on February 26, 2014, in South Carolina state court of first degree criminal sexual conduct with a minor. (ECF No. 1 at 1). Petitioner received a 35-year prison sentence. *Id*. The conviction was affirmed on direct appeal. *State v. Spade*, No. 2014-000448, 2016 WL 3670561, at *1 (S.C. Ct. App. July 6, 2016) (per curiam). Petitioner then

sought post-conviction relief ("PCR") in South Carolina state court in 2017.  On November 12, 2021, Judge Mark Hayes, after initially denying PCR relief, entered an order under SCRCP 59(e) concluding that the prosecutor's closing argument improperly appealed to the jury's emotions and sympathies by suggesting it "take care of good" people and that Petitioner's trial counsel rendered constitutionally deficient legal counsel by failing to object.  (ECF No. 1-3 at 52–56).  The PCR court further determined that the error resulted in prejudice because the State did not present overwhelming evidence of guilt and relied exclusively on the testimony of the minor victim.  *Id*. at 57–58.  The PCR court also determined that the prejudice was compounded by trial counsel's failure to object to the prosecutor's use of the phrase "search for truth" when referring to the purpose of a criminal trial during closing argument.  *Id*. at 46, 60.  Accordingly, the PCR court vacated the conviction and granted a new trial. *Id*. at 60.

The State sought certiorari review of the PCR court's ruling by the South Carolina Supreme Court, and the Supreme Court transferred the matter to the South Carolina Court of Appeals. (ECF Nos. 1 at 5; 1-3 at 240).  Petitioner likewise filed a cross-petition for certiorari review.  These petitions remain pending before the South Carolina Court of Appeals.

In April 2022, Petitioner filed a Motion for an Appeal Bond from the South Carolina Supreme Court which was denied. (ECF No. 1-3 at 220).  Then, in May 2023, Petitioner filed a motion for expedited review in the South Carolina Supreme Court.  *Id*. at 243.  This motion was likewise denied.  *Id*. at 249.

In February 2024, Petitioner filed the instant action, seeking relief under § 2254.  (ECF No. 1).  Specifically, Petitioner seeks immediate release on a personal recognizance bond or a fair bond hearing.  *Id*. at 7.  Petitioner notes that the PCR process has taken almost seven  years and that the

Supreme Court failed to make any findings of facts or state any conclusions forming the basis of its denial of the Motion for an Appeal Bond and the Petition for a Speedy Appeal. *Id*. at 6.

On February 29, 2024, the magistrate judge issued an order directing Petitioner to complete, among other things, a standard form petition for relief pursuant to 28 U.S.C. § 2241, (ECF No. 6), as it appeared Petitioner was not technically challenging his conviction or sentence but, rather, the denial of bond pending a decision on the State's PCR appeal. The magistrate judge allowed Petitioner until March 21, 2024, to complete the § 2241 form petition. *Id*. at 2. On March 6, 2024, however, the magistrate judge issued a Report addressing the § 2254 petition and concluding that application of the *Younger* abstention doctrine is appropriate and recommending the Court dismiss this action without leave for amendment. (ECF No. 10).

On March 11, 2024, the Court received a completed § 2241 petition from Petitioner. (ECF No. 12). Because the § 2241 was timely under the magistrate judge's February 29 Order (ECF No. 6), the Court recommitted the matter to the magistrate judge for consideration of whether the same conclusions and recommendations apply to both the § 2241 petition and the § 2254 petition. On March 18, 2024, the magistrate judge issued a new Report, construing the original 2254 petition and the subsequent 2241 petition as one, (ECF No. 15 at 3 n.3), but concluding that, as a technical matter, Petitioner's claim is more properly assessed under 2241, *id*. at 5. "Regardless of how [Petitioner's claim] is characterized," *id*. at 3, the magistrate judge concluded, the instant action seeks to have the Court impermissibly interfere with ongoing state criminal proceedings:

> In *Younger* . . . , the Supreme Court held a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing

3

> state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).
>
> Petitioner alleges he is detained pending an appeal of the court's decision ordering a new trial of his criminal case. The second part of the test is also met because the Supreme Court has noted "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Fourth Circuit has addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)); *see also McLendon v. Acting Director, Prince George's County Detention Center*, 2020 WL 5593014, *2, No. SAG-20-2631 (D. Md. September 18, 2020) (finding that *Younger* applied and there were no special circumstances after the petitioner had been granted a new trial). Petitioner can pursue—and has pursued—his request for bond in state court, and the South Carolina Supreme Court denied the request after full briefing. *See* ECF No. 1-3 at 220; May 17, 2022 Order of Supreme Court denying petition for appeal bond. Accordingly, the undersigned recommends the petition be summarily dismissed because *Younger* counsels abstention.

*Id*. at 5–7 (footnote omitted).

## II. Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*,

4

478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

III. Discussion

First, Petitioner suggests that the magistrate judge erred in concluding Petitioner's claim is most properly viewed as one brought pursuant to 2241. (ECF No. 18 at 3–7). Petitioner argues the Report incorrectly characterizes his petitions as challenging the South Carolina Supreme Court's denial of bail pending appeal of the PCR court's decision. Petitioner states he "is *not* challenging that Court's bail denial," *id*. at 5, but "*is* effectively challenging the State's inordinately delayed appeal of his reversed conviction . . . under the 'inordinate delay' exception applied in *Norris* and requests an injunction via Bail Pending the final adjudication of the State Appeal," *id*. at 3. The conclusions and recommendation set forth in the Report are premised entirely upon the *Younger* abstention doctrine, and *Younger* applies both to 2254 petitions, *see e.g.*, *Heggs v. Warden Greenville Cnty. Det. Ctr.*, No. 6:23-cv-1052-BHH, 2023 WL 3204046, at *1 (D.S.C. May 2, 2023), and 2241 petitions, *see e.g.*, *Carter v. Florence Cnty. Det. Ctr.*, No. 8:21-cv-02963-JFA, 2021 WL 5890986, at *1 (D.S.C. Nov. 29, 2021), if the Petitioner is asking the federal court to interfere in ongoing state criminal proceedings. The state criminal proceedings against Petitioner are ongoing; as the magistrate judge noted, "[a]lthough Petitioner has been granted a new trial, the relief in the order was automatically stayed upon the filing of the Notice of Appeal. *See* SCACR 241." (ECF No. 15 at 5). Petitioner not only seeks an "injunction via Bail" in a state criminal proceeding that is not yet final, but his request for relief would effectively overturn the decision of the South Carolina Court of Appeals denying Petitioner's request for release pending a final decision in his PCR case.

The Court agrees with the magistrate judge that, under the circumstances, it appears all of the elements making *Younger* abstention appropriate are present: Petitioner is detained pending an appeal of the PCR court's decision ordering a new trial of his criminal case and seeks immediate

6

release; South Carolina has a powerful interest in administering its criminal justice system free from federal interference; and Petitioner can and did pursue his claim for release based on unjustifiable delay in the South Carolina Supreme Court, albeit unsuccessfully. However, as Petitioner points out, there can exist "narrow and extraordinary" circumstances which justify federal interference in state criminal proceedings. *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). "[T]he Court in *Younger* left room for federal equitable intervention in a state criminal trial where there is a showing of bad faith or harassment by state officials responsible for the prosecution, . . . where the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions, . . . or where there exist other extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (internal quotation marks omitted). "Harassment" and "bad faith" contemplate "prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction" and "extraordinary circumstances" must be such that the state court is rendered "incapable of fairly and fully adjudicating the federal issues before it" such that a threat of "great, immediate, and irreparable injury" is created. *Id*. at 124–25.

Petitioner spends the bulk of his objections arguing that such extraordinary circumstances are present in this case to justify this Court's finding an exception to the *Younger* abstention doctrine and involving itself in state criminal proceedings that have yet to come to rest. (ECF No. 18 at 7–12). In his case, Petitioner contends that the extraordinary delay he has experienced and is still experiencing justifies this Court releasing him from state custody. Petitioner notes that he was convicted in 2014 and, in light of the PCR court's granting of a new trial, that he has been in custody in violation of his constitutional rights for approximately a decade. Petitioner emphasizes

7

that the PCR process has consumed seven years and that even after Judge Hayes ordered a new trial, he has remained in custody for more than two years while the State's Petition for a Writ of Certiorari has been pending. (ECF No. 2-2 at 2–3). Throughout his objections, Petitioner cites *Norris v. Williams*, No. 8:21-cv-3353-MGL, 2023 WL 5509355 (D.S.C. Aug. 25, 2023), for the apparent proposition that a habeas petition should not be dismissed where there has been inordinate delay in the state PCR process. (ECF No. 18 at 3 n.4; 4 n.5; 12; 14).

Petitioner has not show anything approaching bad faith or harassment that would justify this Court's involvement in ongoing state criminal proceedings in this case. And, although Petitioner has certainly endured substantial delay during the two-year pendency of the State's appeal of Judge Hayes's December 2021 ruling vacating his conviction and ordering a new trial, the Court is unable to conclude that there are extraordinary circumstances here rendering the state court "incapable of fairly and fully adjudicating the federal issues before it." *Kugler*, 421 U.S. at 124–25. And, *Norris* is not particularly persuasive under the circumstances, as that case involved the question of whether a habeas petitioner must meet the exhaustion requirement where there has been inordinate delay. *See* 2023 WL 5509355, at *2. *Norris* did not address *Younger*. Additionally, the petitioner in Norris sought release pending the South Carolina Court of Appeal's decision on his PCR application and the district court, despite the fact that the PCR process in that case had been ongoing for eleven years, concluded that Norris had not demonstrated any extraordinary circumstances to justify his release. *Id*. at *3.

## IV. Conclusion

After carefully considering Petitioner's objections, the Court overrules them and finds no basis for deviating from the conclusions and recommendations set forth in the Report. Therefore, the Court **ADOPTS** the magistrate judge's findings, conclusions and recommendations in the

Report (ECF No. 15), which are incorporated herein by reference. The Court concludes the application of *Younger* abstention is appropriate here; accordingly, this action is **DISMISSED**. Petitioner's Motion for Bail Pending State's Appeal (ECF No. 2) is **DENIED as moot**.

Finally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 18, 2024

9